```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
PRINCIPAL LIFE INSURANCE            :
COMPANY,                            :          SUMMARY ORDER ADOPTING
                                    :          REPORT AND RECOMMENDATION
                         Plaintiff, :          10-CV-1936 (DLI)(RLM)
                                    :
            -against-               :
                                    :
THE ERNO ALTMAN INSURANCE           :
TRUST, dated February 26, 2008, et al., :
                                    :
                       Defendants.
------------------------------------------------------------ x
```

**DORA L. IRIZARRY, U.S. District Judge:**

Principal Life Insurance Company ("Principal Life") filed the instant action seeking to rescind and void a policy insuring the life of defendant Erno Altman ("Altman"), held by defendant "Erno Altman Insurance Trust" (the "Trust"), on the ground that it was procured through fraud for the benefit of investors who lacked a valid insurable interest. (*See generally*, Complaint, Doc. Entry No. 1.) Defendants moved for summary judgment, contending that the action was untimely as it was not filed within the two-year "contestability period" required under the policy and under New York law. (*See* Defendants' Memorandum of Law in Support of Defendants' Motion for Summary ("Def. Mem."), Doc. Entry No. 26.) Plaintiff opposed defendants' motion, contending that plaintiff's reasons for seeking rescission, *i.e.*, that the policy was procured by fraud and for a party lacking an insurable interest, are not subject to the incontestability defense. (*See* Plaintiff's Memorandum of Law in Opposition to Defendants' Motion for Summary Judgment ("Pl. Mem."), Doc. Entry No. 30.) In their briefs, the parties also disputed the date on which the policy became effective. The Court referred defendants' motion to the magistrate judge.

1

On September 20, 2011, the Honorable Roanne L. Mann, United States Magistrate Judge for the Eastern District of New York, issued a Report and Recommendation recommending denial of defendants' motion as the instant action was timely. (*See* Report and Recommendation ("R&R"), Doc. Entry No. 33.) Both parties filed timely objections. (*See* Plaintiff's Objections ("Pl. Obj."), Doc. Entry No. 34; Defendants' Objections ("Def. Obj."), Doc. Entry No. 35.) For the reasons set forth below, the R & R is adopted to the extent that the motion to dismiss is denied because the action is deemed timely filed. As such, it is not necessary for the court to rule on the question of whether a claim of rescission on the ground of fraud or lack of an insurable interest after the contestability period has expired is permitted under New York Law.

## DISCUSSION

Where a party objects to an R & R, a district judge must make a *de novo* determination with respect to those portions of the R & R to which the party objects. *See* FED. R. CIV. P. 72(b); *United States v. Male Juvenile*, 121 F. 3d 34, 38 (2d Cir. 1997). If, however, a party makes conclusory or general objections, or attempts to relitigate the party's original arguments, the court will review the R & R for clear error. *Robinson v. Superintendent, Green Haven Correctional Facility,* 2012 WL 123263, at *1 (E.D.N.Y. Jan. 17, 2012) (quoting *Walker v. Vaughan*, 216 F. Supp. 2d 290, 292 (S.D.N.Y. 2002)). The district court may then "accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." FED. R. CIV. P. 72(b); *see also* 28 U.S.C. § 636(b)(1).

Defendants submitted a one-paragraph objection to the R&R, contending that the R&R erred in finding that the policy became effective on May 1, 2008, instead of on April 17, 2008, the date proffered by defendants. The Court reviewed the exhibits the parties submitted in connection with the summary judgment motion and the relevant legal authority. The Court

adopts the R&R's thorough and well-reasoned analysis on the policy's effective date. The Court concludes, as did the magistrate judge, that the policy became effective on May, 1, 2008.

Plaintiff did not object to the R&R's findings on the policy's effective date. Rather, plaintiff objected to the recommendation that, under New York law, claims of rescission sought by an insurer on the specific grounds of fraud or lack of insurable interest should be subjected to the incontestability defense (which essentially is a two-year statute of limitations on rescission claims). (Pl. Obj. at pp. 6-16.) In its objections, plaintiff correctly notes that this issue of New York insurance law is not necessary to reach the overall conclusion of the R&R—that defendants' motion should be denied because the complaint was timely. (Pl. Obj. at p. 6.) The policy became effective on May 1, 2008 (R&R at pp. 13-23), and plaintiff filed the instant action on April 29, 2010. Thus, plaintiff commenced this action less than two years after the date the policy became effective and within the contestability period, thereby refuting defendants' incontestability defense. Under these circumstances, it is unnecessary for the Court to address whether state courts in New York would or would not permit a claim of rescission on the ground of fraud or lack of an insurable interest after the contestability period had expired, and in the interest of judicial restraint, the Court declines to address that issue.

## CONCLUSION

Upon due consideration, and after finding no clear error, the R&R is adopted to the extent that it recommended denying defendants' motion on the ground that the complaint was timely filed on April 29, 2010. Accordingly, defendants' motion for summary judgment is denied.

SO ORDERED.

Dated: Brooklyn, New York
       March 13, 2012

/s/
DORA L. IRIZARRY
United States District Judge